IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT IOWA
CENTRAL DIVISION

| | |
|---|---|
| ALPINE COMMUNICATIONS, L.C., BTC, INC., CASCADE COMMUNICATIONS COMPANY, COMMUNICATIONS 1 NETWORK, INC., COOPERATIVE TELEPHONE EXCHANGE, CORN BELT COMMUNICATIONS, INC., CORN BELT TELEPHONE COMPANY, DUNKERTON TELEPHONE COOPERATIVE, GOLDFIELD ACCESS NETWORK, L.C., HEART OF IOWA COMMUNICATIONS COOPERATIVE, HUBBARD COOPERATIVE TELEPHONE ASSOCIATION, LEHIGH VALLEY CO-OPERATIVE TELEPHONE ASSOCIATION, NORTHWEST TELEPHONE COOPERATIVE ASSOCIATION, WEBSTER-CALHOUN COOPERATIVE TELEPHONE ASSOCIATION, and WINNEBAGO COOPERATIVE TELECOM ASSOCIATION, <br><br> Plaintiffs, <br><br> v. <br><br> LEVEL 3 COMMUNICATIONS, LLC., WILTEL COMMUNICATIONS, LLC, and GLOBAL CROSSING TELECOMMUNICATIONS, INC., <br><br> Defendants. | Case No. 2:16-cv-1024-EJM <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **COMPLAINT** |

Plaintiffs Alpine Communications, L.C., BTC, Inc., Cascade Communications Company,

Communications 1 Network, Inc., Cooperative Telephone Exchange, Corn Belt

Communications, Inc., Corn Belt Telephone Company, Dunkerton Telephone Cooperative,

Goldfield Access Network, L.C., Heart of Iowa Communications Cooperative, Hubbard

Cooperative Telephone Association, Lehigh Valley Co-operative Telephone Association,

#2673303

Northwest Telephone Cooperative Association, Webster-Calhoun Cooperative Telephone Association and Winnebago Cooperative Telecom Association (jointly "Plaintiffs"), by and for their Complaint in the above-captioned proceeding, hereby state as follows against Defendants Level 3 Communications, LLC, WilTel Communications, LLC and Global Crossing Telecommunications, Inc., all subsidiaries of Level 3 Communications, Inc. (collectively "Level 3"), in regards to Level 3's failure to pay tariffed access charges for Plaintiffs' access services that Level 3 used in regards to "intraMTA" calls:

## PARTIES

1. Plaintiff Alpine Communications, L.C. is a limited liability company organized under the laws of the State of Iowa and has its principal place of business in Elkader, Clayton County, Iowa.

2. Plaintiff BTC, Inc. is a corporation organized under the laws of the State of Iowa and has its principal place of business in Breda, Carroll County, Iowa.

3. Plaintiff Cascade Communications Company is a corporation organized under the laws of the State of Iowa and has its principal place of business in Cascade, Dubuque County, Iowa.

4. Plaintiff Communications 1 Network, Inc. is a corporation organized under the laws of the State of Iowa and has its principal place of business in Kanawha, Hancock County, Iowa.

5. Plaintiff Cooperative Telephone Exchange is a cooperative association organized under the laws of the State of Iowa and has its principal place of business in Stanhope, Hamilton County, Iowa.

6. Plaintiff Corn Belt Communications, Inc. is a corporation organized under the laws of the State of Iowa and has its principal place of business in Wall Lake, Sac County, Iowa.

7. Plaintiff Corn Belt Telephone Company is a corporation organized under the laws of the State of Iowa and has its principal place of business in Wall Lake, Sac County, Iowa.

8. Plaintiff Dunkerton Telephone Cooperative is a cooperative association organized under the laws of the State of Iowa and has its principal place of business in Dunkerton, Black Hawk County, Iowa.

9. Plaintiff Goldfield Access Network, L.C. is a limited liability company organized under the laws of the State of Iowa and has its principal place of business in Goldfield, Wright County, Iowa.

10. Plaintiff Heart of Iowa Communications Cooperative is a cooperative association organized under the laws of the State of Iowa and has its principal place of business in Union, Hardin County, Iowa.

11. Plaintiff Hubbard Cooperative Telephone Association is a cooperative association organized under the laws of the State of Iowa and has its principal place of business in Hubbard, Hardin County, Iowa.

12. Plaintiff Lehigh Valley Co-operative Telephone Association is a cooperative association organized under the laws of the State of Iowa and has its principal place of business in Lehigh, Webster County, Iowa.

13. Plaintiff Northwest Telephone Cooperative Association is a cooperative association organized under the laws of the State of Iowa and has its principal place of business in Havelock, Pocahontas County, Iowa.

14. Plaintiff Webster-Calhoun Cooperative Telephone Association is a cooperative association organized under the laws of the State of Iowa and has its principal place of business in Gowrie, Webster County, Iowa.

15. Plaintiff Winnebago Cooperative Telecom Association is a cooperative association organized under the laws of the State of Iowa and has its principal place of business in Lake Mills, Winnebago County, Iowa.

16. Defendant Level 3 Communications, LLC is a limited liability corporation organized under the laws of the State of Delaware and has its principal place of business in Broomfield, Colorado.

17. Defendant WilTel Communications, LLC is a limited liability corporation organized under the laws of the State of Delaware and has its principal place of business in Broomfield, Colorado.

18. Defendant Global Crossing Telecommunications, Inc. is a corporation organized under the laws of the State of Michigan and has its principal place of business in Broomfield, Colorado.

## JURISDICTION AND VENUE

19. The Court has subject-matter jurisdiction over Count One pursuant to 28 U.S.C. § 1331 (federal question), because it asserts a claim for breach of tariffs filed with the Federal Communications Commission ("FCC"). Similarly, this Court has federal-question subject-matter jurisdiction over Count Three, to the extent Count Three seeks a declaration regarding Level 3's compliance with the terms of the Plaintiffs' FCC-filed tariffs.

20. The Court has subject-matter jurisdiction over Count Two pursuant to 28 U.S.C. § 1367 (supplemental), because it asserts claims for breach of state-filed tariffs that are so related

to the claims in Count One that they form part of the same case or controversy. Similarly, this Court has supplemental subject-matter jurisdiction over Count Three, to the extent Count Three seeks a declaration regarding Level 3's compliance with the terms of the Plaintiffs' state-filed tariffs.

21. The Court has personal jurisdiction over Level 3 pursuant to Iowa Code § 617.3 (2015), Iowa's long-arm statute. Level 3 conducts business in the state of Iowa by providing long distance telephone service to end user customers in Iowa and by purchase of exchange access services from local exchange carriers in Iowa, including from the Plaintiffs. Thus Level 3 is subject to specific personal jurisdiction in this Court.

22. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District under § 1391(c)(2).

## FACTUAL ALLEGATIONS

## PLAINTIFFS' ACCESS SERVICES AND ACCESS CHARGES

23. The Plaintiffs are local exchange carriers ("LEC") that provide, among other things, local telephone services in the state of Iowa.

24. One of the standard services that the Plaintiffs provide is called "access services." Access services are used by interexchange carriers ("IXCs") to provide long-distance services. Access services allow an IXC to route calls on its long-distance network to or from a LEC's local telephone network.

25. IXCs obtain the Plaintiffs' access services by ordering them, either actually (through submission of order requests) or constructively (through use of existing access service facilities).

26. Access services are "interstate" if the points of origination and termination at the start of a long-distance call are in two different states. Access services are "intrastate" if those two points are both within the same state.

27. The Plaintiffs' interstate access services are governed by tariffs that Plaintiffs lawfully have on file at the Federal Communications Commission (the "Federal Tariffs"). Similarly, the Plaintiffs' intrastate access services are governed by tariffs that Plaintiffs lawfully have on file with the public utility/service commissions within each state (the "State Commissions" and the "State Tariffs") in which they provide local services.

28. The Plaintiffs' Federal and State Tariffs set forth the terms and conditions, including the applicable charges ("access charge"), for the Plaintiffs' access services. These terms and conditions include, among other things, the process and due dates for payment of the Plaintiffs' access charges. The Tariffs also impose late charges on any payments that are not paid by the required due dates, including when IXCs withhold payments based on disputes that are later resolved against them.

**LEVEL 3'S NONPAYMENT OF PLAINTIFFS' ACCESS CHARGES**

29. Level 3 is an IXC. Level 3 ordered and used the Plaintiffs' interstate and intrastate tariffed access services to exchange calls between Level 3's long-distance network and the Plaintiffs' local networks.

30. The Plaintiffs timely rendered bills, and will continue to do so, to Level 3 for Level 3's use of the Plaintiffs' access services ("access bills"). These access bills set forth the access charges required by the Plaintiffs' Federal and State Tariffs for those access services.

31.     Starting in early 2014, Level 3 has not paid some of the access charges set forth in the Plaintiffs' access bills.  In the vernacular of the industry, Level 3 is "withholding" these payments.  The withheld payments include both interstate charges and intrastate access charges.

32.     Level 3 explained that it is withholding these payments because, according to Level 3, the calls to which the access charges apply are "intraMTA" calls.  Level 3 has unilaterally determined which access charges, it contends, relate to intraMTA calls.

33.     IntraMTA calls, for purposes relevant here, are calls that traverse three different carriers' phone networks:  (1) a LEC's local network on one end of the call; (2) a wireless carrier's network on the other end; and (3) an IXC's network in the middle; <u>and</u> the originating and terminating points of the call, at the time the call is initiated, are within the same Major Trading Area ("MTA").  MTAs are geographic areas, often including all or parts of multiple states, used by the FCC to establish licensing areas for certain cell phone services.

34.     Level 3 uses the Plaintiffs' access services when it exchanges intraMTA calls between its long-distance network and the local phone network of one of the Plaintiffs.  That use of the Plaintiffs' access services subjects Level 3 to the terms and conditions of the Plaintiffs' Federal and State Tariffs, including the access charges, late payment charges and payment deadlines set forth in those Tariffs.

35.     By not paying these access charges by the deadlines set forth in the Plaintiffs' Federal and State Tariffs, Level 3 is also obligated to pay late payment charges set forth in those Federal and State Tariffs, at amounts that continue to accrue over time until the unpaid access charges are actually paid.

## COURT RULING THAT IXCS OWE ACCESS CHARGES FOR INTRAMTA CALLS

36. Just like Level 3, other IXCs like Sprint and Verizon Business started withholding payments to the Plaintiffs for access charges in 2014, where the charges relate to access services for calls they deem to be intraMTA calls.

37. In 2014, Sprint and Verizon Business filed dozens of lawsuits against several of these Plaintiffs and hundreds of other LECs concerning access charges and intraMTA calls. The Judicial Panel on Multidistrict Litigation ("Panel") transferred these cases to the Hon. Judge Sydney Fitzwater in the U.S. District Court for the Northern District of Texas in a multidistrict litigation ("MDL") proceeding for consolidated pretrial activities. *In re IntraMTA Switched Access Charges Litig.*, No. 3:14-MD-2587-D (N. D. Tex.) (the "MDL Proceeding").

38. On November 17, 2015, that Court issued a Memorandum Opinion and Order granting the Rule 12(b)(6) motion of the Plaintiffs and the other LEC defendants. Memorandum Opinion & Order, *In re IntraMTA Switched Access Charges Litig.*, No. 3:14-MD-2587-D (N. D. Tex. Nov. 17, 2015) (ECF No. 134) (the "MDL Order"). The Court held that, pursuant to 47 C.F.R. §§ 69.2 & 69.5, "all" IXCs must pay LECs' access charges for their exchanging of "any" communications traffic with the LECs' local telephone network. These regulations, which have been in effect and virtually unchanged since 1984, do not exempt intraMTA calls. Thus, IXCs must pay tariffed access charges for their exchange of intraMTA calls with LECs like the Plaintiffs.

39. Sprint and Verizon argued that, in a significant order the FCC promulgated in 1996, the FCC exempted IXCs from paying LECs' access charges when IXCs use a LEC's access services to exchange intraMTA calls. The Court rejected that argument. In Section 251(g) of the Telecommunications Act of 1996 (codified at 47 U.S.C. § 251(g)), Congress stated

Case 2:16-cv-01024-EJM   Document 2   Filed 06/17/16   Page 8 of 12

that IXCs would continue to pay access charges to LECs unless the FCC "expressly superseded" its existing regulations (which include 47 C.F.R. §§ 69.2 & 69.5). In the 1996 order on which Sprint and Verizon relied, the FCC said that "nothing" in that order affected access charges paid by IXCs; and the FCC has never, at any time, expressly superseded 47 C.F.R. §§ 69.2 & 69.5 with respect to intraMTA calls. The Court similarly rejected all of the other authorities cited by Sprint and Verizon, finding none of them addressed access charges paid by IXCs to LECs for intraMTA calls.

40. Level 3 is relying on the very same arguments Sprint and Verizon Business lost in the MDL Proceeding. Thus, the Court in the MDL Proceeding has rejected the basis of Level 3's withholding of payments for the Plaintiffs' access charges.

41. Level 3 has never had a valid basis to refuse to pay the access charges required by the Plaintiffs' Federal and State Tariffs, for Level 3's use of the Plaintiffs' interstate and intrastate access services related to intraMTA calls. Those charges are properly due and owed, as well as the late payment charges that continue to accrue.

42. To the extent Level 3 will continue to withhold payments for access charges in the future relating to intraMTA calls, Level 3 similarly will have no basis for doing so.

## COUNT ONE
## BREACH OF FEDERAL TARIFFS

43. The Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 42 of this Complaint as if set forth in their entirety.

44. Level 3 has failed to pay all access charges required by the Plaintiffs' Federal Tariffs for interstate access services that Level 3 ordered and used for what Level 3 purports are interstate, intraMTA calls.

45. Because Level 3 failed to pay these access charges by the due date set forth by the Plaintiffs' Federal Tariffs, Level 3 also owes late charges as set forth in the Federal Tariffs.

46. Level 3 is liable to the Plaintiffs for the amount of unpaid access charges and unpaid late charges. Plaintiffs' Tariffs also require Level 3 to reimburse Plaintiffs for attorneys' fees and costs related to this lawsuit.

47. The Court should enter judgment in the Plaintiffs' favor and against Level 3 in an amount to be proven at trial.

## COUNT TWO
## BREACH OF STATE TARIFFS

48. The Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 47 of this Complaint as if set forth in their entirety.

49. Level 3 failed to pay all access charges required by the Plaintiffs' State Tariffs for intrastate access services that Level 3 ordered and used for what Level 3 purports are intrastate, intraMTA calls.

50. Because Level 3 failed to pay these access charges by the due date set forth by the Plaintiffs' State Tariffs, Level 3 also owes late charges as set forth in the State Tariffs.

51. Pursuant to some state laws and Plaintiffs' Tariffs, Level 3 also must reimburse the Plaintiffs for their attorneys' fees and costs relating to this lawsuit.

52. Level 3 is liable to the Plaintiffs for the amount of unpaid access charges, unpaid late charges and the Plaintiffs' attorneys' fees.

53. The Court should enter judgment in the Plaintiffs' favor and against Level 3 in an amount to be proven at trial.

## COUNT THREE
## DECLARATORY JUDGMENT

54. The Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 53 of this Complaint as if set forth in their entirety.

55. A substantial controversy exists between the parties that is immediate and real because Level 3 continues to withhold access charges from the Plaintiffs, on the basis that the access charges purportedly apply to the exchange of intraMTA calls between Level 3's long-distance network and the Plaintiffs' local phone networks. Based on its refusal to pay these fees since early 2014, Level 3 is likely to continue to refuse to pay these access charges into the future.

56. The parties have adverse legal interests, as the Plaintiffs maintain that Level 3 owes these access charges, but Level 3 continues to withhold them.

57. A judgment declaring that "Level 3 is obligated in the future to pay access charges, as set forth in the Plaintiffs' Federal and State Tariffs, for exchanging intraMTA calls between Level 3's long-distance network and the Plaintiffs' local telephone networks" will finalize this controversy between the parties and offer relief from the current dispute.

58. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, this Court should enter a declaration that Level 3 is obligated in the future to pay access charges, as set forth in the Plaintiffs' Federal and State Tariffs, for exchanging intraMTA calls between Level 3's long-distance network and the Plaintiffs' local telephone networks.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that the Court enter judgment in favor of the Plaintiffs and against Level 3 awarding:

1. Damages (in an amount to be proven at trial);

2. An award of any costs or fees to which the Plaintiffs may be entitled;

3. A declaration that Level 3 is obligated in the future to pay access charges, as set forth in the Plaintiffs' Federal and State Tariffs, for exchanging intraMTA calls between Level 3's long-distance network and the Plaintiffs' local telephone networks; and

4. Any other relief that the Court determines is just.

Dated: June 17, 2016

Respectfully submitted,

*/s/ Kris Holub Tilley*
Kris Holub Tilley, AT0007962
John C. Pietila, AT0006221
Sarah E. Crane, AT0010225
DAVIS BROWN LAW FIRM
The Davis Brown Tower
215 10th Street, Suite 1300
Des Moines, Iowa 50309
Telephone: 515/288-2500
Facsimile: 515/243-0654
E-mail: kristilley@davisbrownlaw.com
E-mail: johnpietila@davisbrownlaw.com
E-mail: sarahcrane@davisbrownlaw.com

*Counsel for Plaintiffs*